## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**EDWARD WHITE,**
**ADC # 108286**                                                                                       **PLAINTIFF**

**V.**                              **CASE NO. 5:16-CV-00053 BRW/BD**

**CRUMPTON**                                                                                          **DEFENDANT**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

Plaintiff Edward White, an inmate at the Pine Bluff Unit of the Arkansas Department of Correction, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entries #1, #2)  In his complaint, Mr. White alleges that when he was transferred from the Dub Brassell Adult Detention Center ("Detention Center"), Defendant Crumpton told him that his family members could pick up his property from the Detention Center.  When Mr.

White's girlfriend went to pick up his property, however, she was told that the property could not be located. Mr. White alleges that Defendant Crumpton was the last person to handle his property. Mr. White requests that his property be returned to him or that he be compensated for his loss.

Mr. White does not present a federal claim for relief. If an inmate is deprived of personal property, there is no relief available under § 1983 if state law provides adequate post-deprivation remedies. See *Butler v. Smith*, 208 F.3d 217 (8th Cir.2000) (unpublished table decision)(county prisoner who alleged he was wrongly charged for meals while housed at a county jail had an adequate post-deprivation state remedy and, thus, could not seek relief under § 1983); see also *Bausley v. Dugan*, Case No. 04–2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (detainee could not bring a §1983 claim against county jail employees for loss of personal property because he sue for conversion in state court). Mr. White's allegations regarding the loss of personal property does not state a constitutional claim for relief.

### III.    Conclusion:

The Court recommends that Mr. White's claims against the Defendant be DISMISSED, without prejudice.

DATED this 29th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE